## McKNIGHT v. AKINS et al.

### No. 11262.

United States Court of Appeals
Sixth Circuit.

Nov. 27, 1951.

Frederic M. Bosworth and Roscoe Ewing, Cleveland, Ohio, Roscoe M. Ewing, Frederic M. Bosworth, Cleveland, Ohio, on brief; Bosworth & Sessions, Cleveland, Ohio, of counsel, B. D. Watts, H. F. Schneider, Cleveland, Ohio, on brief; Richey & Watts, Cleveland, Ohio, Donald Gottwald, Akron, Ohio, of counsel, for appellees.

Before HICKS, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

HICKS, Chief Judge.

The parties will be styled as they appeared in the court below.

Plaintiff Akins, a resident of Akron, Ohio was the owner of Patent No. 2,181,-163, for an "Adjustable Support for Buildings or the Like," commonly called a jack post. Co-plaintiff, The Adjusta-Post Manufacturing Company, an Ohio corporation, was the owner of the trade-mark "Adjusta-Post."

Plaintiffs sued defendant, McKnight, doing business in Cleveland as Fixag Post Engineering Company, a resident of Ohio, for infringement of the patent, for trade-mark infringement and unfair competition. Defendant McKnight, in conjunction with his answer filed a counterclaim which was twice amended and which in its final form appears on page 70 of the record.

Upon the hearing the court dismissed the action for infringement of the patent and

the trade-mark, and for unfair competition. It dismissed the counterclaim for lack of jurisdiction and denied a motion to amend it. It adjudged costs against defendant and denied defendant's motion for an award of expenses, including attorneys' fees, under Rule 37(a), Rules of Civil Procedure, 28 U.S.C.A. From these adverse holdings defendant appealed.

Tersely stated, the amended counterclaim avers that on July 20, 1940, defendant and plaintiff Akins entered into a written agreement wherein plaintiff granted to defendant the exclusive license to sell posts under the patent throughout specified territories; that plaintiff agreed to supply defendant with as many of the posts for sale as defendant should require, at net cost per unit, plus $1.00 royalty; that the agreement continued in force until August 6, 1945.

The defendant for its first cause of action upon the agreement avers that the plaintiff falsely and fraudulently represented the cost of the manufacture of the posts to be greater than the true cost, and that, relying thereon, defendant paid plaintiff in excess of the agreed price and therefore defendant claims that he has sustained damages.

If the counterclaim went no further than the first cause of action, the court was right in dismissing it for want of jurisdiction. The parties were residents of the same State and the first cause of action did not relate to patents. Its gravamen was an alleged violation of a contract and nothing more.

But the counterclaim set up a second cause of action. It averred that the plaintiff came into defendant's exclusive territory and sold and opened up agencies for the sale of the posts and licensed and aided and abetted others to sell them, and diverted posts from defendant and prevented him from expanding his operations and developing his sales organization within his licensed territory, to the damage of defendant; that as a breach of the contract, in the year 1943 plaintiff entered into a sales and license agreement with Charles H. Anderson and Edward H. Mueller of Chicago, covering the sale of the posts, which was the subject of the exclusive sales agreement between plaintiff and defendant; that under said Chicago agreement, from about February 1, 1944 until August 6, 1945, plaintiff sold to Anderson and Mueller and their successors within defendant's exclusive territory posts covered by the patent and defendant's agreement, as a result of which defendant was damaged; that as an additional breach plaintiff came into defendant's exclusive territory in other places and sold or caused to be sold a large number of the posts, to defendant's damage; and further, that these acts of plaintiff constituted infringement of the patent in suit, covered by agreement, Exhibit 23, and infringement of defendant's exclusive rights therein, to his damage, etc.

We think that the court should have entertained jurisdiction of the second cause of action averred in the counterclaim.

Under the license agreement defendant had the exclusive license to use and sell the patented posts and by the terms of the agreement he held this right in virtue of the patent. The agreement related to the patent. Title 28 U.S.C., Ch. 85, Sec. 1338.

The counterclaim avers that defendant has an exclusive license to use and sell the posts in certain specified territories and that plaintiff infringed this right by his sales and license agreement with Anderson and Mueller. Decision must be ruled by Littlefield v. Perry, 21 Wall. 205, 88 U.S. 205, 22 L.Ed. 577. In that case the court said: "Here, however, the patentee is the infringer, and as he cannot sue himself, the licensee is powerless, so far as the courts of the United States are concerned, unless he can sue in his own name. A court of equity looks to substance rather than form. When it has jurisdiction of parties it grants the appropriate relief without regard to whether they come as plaintiff or defendant. In this case the person who should have protected the plaintiff against all infringements has become himself the infringer. He held the legal title to his patent in trust for his licensees. He has been faithless to his trust, and courts of equity are always open for the redress of such a wrong. This wrong is an infringe-

676

ment. Its redress involves a suit, therefore, arising under the patent laws, and of that suit the Circuit Court has jurisdiction."

See Independent Wireless, Tel. Co. v. Radio Corp., 269 U.S. 459, 468, 46 S.Ct. 166, 70 L.Ed. 357; Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U.S. 282, 293, 22 S.Ct. 681, 46 L.Ed. 910; E. I. S. Mfg. Co. v. Supco·Prod. Corp., D. C., 26 F.Supp. 758, 760; Walker on Patents, 2nd ed., Vol. 1, Sec. 450.

In Dill Mfg. Co. v. Goff, 6 Cir., 125 F.2d 676, 679 in speaking of Littlefield v. Perry, we said: "Whether technically assignees or licensees, the complainants could maintain their suit under the patent laws in the Federal Court."

In its memorandum opinion upon defendant's motion for a rehearing, the court said: "This court does not have jurisdiction of the counterclaim because defendant did not have any title in the Akins patent when the counterclaim was filed."

The original counterclaim was filed on June 10, 1947, and it is true that defendant's license, effective July 20, 1940, was not in force after August 6, 1945, but certainly the expiration of the license could not destroy the jurisdiction of the court to entertain the counterclaim for damages incurred during the life of the license.

The court denied defendant's motion made under Rule 37(c) to require the plaintiff to pay reasonable attorneys' fees and expenses. It found "no good reason" for the denial and upon this motion the case is remanded to the district court for appropriate findings and decree.

■ The court taxed defendant with the costs of the case. The reason for this ruling was that plaintiff was "under the circumstances of this case, entitled to recover costs from the defendant." We think that this ruling went beyond the limits accorded to judicial discretion. Defendant prevailed in the action against it for infringement of the patent and of the trade-mark and for an unfair competition. Normally, under Rule 54(d), Rules of Civil Procedure, plaintiff should be taxed with the costs incident to the original complaint.

The decree appealed from is reversed and the case remanded to the district court for further proceedings consistent herewith, and upon the remand the court in the interest of good pleadings and equitable procedure will allow defendant's motion to amend his counterclaim as set forth on the record, pages 234–238.

Reversed.