Joseph J. SAUNDERS et al.,
Appellants,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY.

Timothy D. SMITH et al., Appellants,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY.

Nos. 73–1798, 73–1799.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 1, 1973.

Filed July 29, 1974.

As Amended July 29, 1974.

---

Joseph J. Saunders and William J. Howard, Washington, D. C., were on the pleadings for appellants.

Peter J. Ciano, Washington, D. C., was on the pleadings for appellee.

Before FAHY, Senior Circuit Judge, and ROBINSON and WILKEY, Circuit Judges.

PER CURIAM:

Appellants have moved for leave to file in these consolidated cases a bill of costs pursuant to Rule 39 of the Federal Rules of Appellate Procedure.[1] The bill

---

1. Fed.R.App.P. 39 in relevant part provides:
(a) To Whom Allowed. Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered; if a judgment is reversed, costs

shall be taxed against the appellee unless otherwise ordered; if a judgment is affirmed or reversed in part, or vacated, costs shall be allowed only as ordered by the court. . . .
(c) Costs of Briefs, Appendices, and Copies of Records. The cost of printing or otherwise producing necessary copies of briefs, appendices, or copies of records au-

of costs lists expenditures for docket fees and the printing of briefs, and appellants' share of the expense of printing of a joint appendix. Appellee, the Washington Metropolitan Area Transit Authority (WMATA), opposes the motion on two grounds.

First, WMATA contends that appellants waived their right to recover as costs any part of the charge for printing the joint appendix by joining in a stipulation which called for the parties to share that charge. WMATA also calls attention to the fact that Rule 39 imposes a time limit of fourteen days from the entry of judgment on appeal for the filing of a bill of costs, and that appellants failed to meet that deadline. Finding neither premise persuasive, we grant appellants' motion.

**I**

A brief summary of relevant developments on these appeals will serve to elucidate our discussion of the problem of costs. Appellants sought in this court an injunction pending resolution of the appeals on the merits. WMATA urged us to consider and rule on the merits on the basis of the papers filed in connection with the motion for injunctive re-

lief, a procedure to which appellants were amenable. We granted an injunction but declined, pending oral argument, to rule on the merits of the appeals.[2] We left to the parties the decision as to whether additional briefs or record material would be submitted.[3]

Appellants adopted, as their opening brief, their memorandum in support of the application for the injunction.[4] WMATA, however, was inclined toward a different course. It initiated correspondence with counsel for appellants and proposed a briefing schedule to accommodate the contingency that it would decide to file a new brief.[5] Later, new counsel entering the case for WMATA contacted appellants with respect to the filing of a joint appendix. By oral agreement, subsequently confirmed in a written stipulation,[6] the parties decided that the arrangements for printing the appendix would be made by WMATA,[7] and that appellants would contribute their proportionate part of the printing expense.[8] In due course, the appeals were argued and decided; and by a judgment accompanied by a memorandum, we sustained appellants and remanded the cases for further proceedings.[9]

thorized by Rule 30(f) shall be taxable in the court of appeals at rates not higher than those generally charged for such work in the area where the clerk's office is located. A party who desires such cost to be taxed shall state them in an itemized and verified bill of costs which he shall file with the clerk, with proof of service, within 14 days after the entry of judgment.

(d) Clerk to Insert Costs in Mandate. The Clerk shall prepare and certify an itemized statement of costs taxed in the court of appeals for insertion in the mandate. If the mandate has been issued before final determination of costs, the statement, or any amendment thereof, may be added to the mandate at any time upon request of the clerk of the court of appeals. . . .

2. Saunders v. Washington Metropolitan Area Transit Authority, No. 73–1798 (D.C.Cir. Aug. 10, 1973).

3. *Id.*

4. With minor changes, the memorandum was printed as appellants' opening brief. Appellants also filed a printed reply brief.

5. Ultimately it did file a new brief, in printed form.

6. See Part II, *infra.*

7. This was done because WMATA designated the larger portion of the joint appendix, and some materials were to be designated as the brief was being prepared. See note 14, *infra.*

8. WMATA did not demand appellants' contribution until after judgment on appeal was rendered, and appellants, who by then had prevailed, never made the contribution. See Part III, *infra.* Allowance of this item as a taxable cost means simply that appellants will use it to offset WMATA's demand.

9. Saunders v. Washington Metropolitan Area Transit Authority, 159 U.S.App.D.C. 55, 486 F.2d 1315 (1973).

## II

WMATA contends that the stipulation respecting a sharing of the expense of printing the joint appendix permanently disabled appellants from claiming any part of that expense as a taxable cost. Appellants, on the other hand, argue that the stipulation merely recognized their initial responsibility to at least share in the payment of the printer's bill when presented,[10] and did not affect, or even purport to address, any right to costs in that regard which would accrue in the event that they prevailed on the appeal. We conclude that the stipulation does not bar appellants from pursuing a recovery of costs to which they would normally have become entitled in that connection.

Rule 39(a) specifies that "if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered" by the court.[11] Our disposition of appellants' appeals, though in form a remand for further proceedings, was a reversal in every sense of the word.[12] Consequently, appellants, as the prevailing parties, became entitled to an award of costs as a matter of course, save only to the extent that the court might direct otherwise.[13] The stipulation aside, we perceive no basis upon which a discretion could be soundly exercised to deny appellants any item of costs normally allowable. We turn, then, to the stipulation to determine whether it makes for a difference in these cases.

It will be recalled that the stipulation followed on the heels of WMATA's decision to submit a brief additional to its filed memorandum in opposition to an injunction pending appeal. The stipulation, prompted by WMATA's desire for an accompanying joint appendix, simply provided that the parties "will pay their proportionate share of the printer's bill for printing the joint appendix based upon the number of pages designated by each." This provision, WMATA states, was an irrevocable commitment by appellants to absorb their share irrespective of the outcome of the appeals. In the context in which the stipulation came about, we cannot accept that interpretation.

By the stipulation, the parties devised a plan and a timetable by which additional briefs and a printed joint appendix would be presented to the court. Since both sides designated materials for inclusion in the appendix, the immediate concern was the printer's bill therefor. The stipulated arrangement was a sharing of the bill in proportion to the number of pages respectively designated, and through that arrangement it was contemplated that the printer would be promptly paid. That the parties agreed to that much is very clear, but we cannot say that appellants agreed to more.

Beyond the exigencies of paying the printer was the question of where the financial burden of the joint appendix would finally come to rest. It is not at all unusual for litigants to share a printing expense in the first instance, with an award of costs on that account to abide the judgment. Indeed, the Appellate Rules recognize and utilize the practice.[14] And while the stipulation

---

10. See note 14, *infra.*

11. See note 1, *supra.*

12. See Saunders v. Washington Metropolitan Area Transit Authority, *supra* note 9.

13. Statutory authority for taxable costs allocated by Fed.R.App.P. 39 is derived from 28 U.S.C. § 1920 (1970). See Advisory Committee Note to Fed.R.App.P. 39(a). The statement in text is abundantly supported by decisions under § 1920. See, *e. g.,* Shima v. Brown, 78 U.S.App.D.C. 268, 140 F.2d 337 (1943) ; Chemical Bank & Trust Co. v. Pru-

dence-Bonds Corp., 207 F.2d 67, 77–78 (2d Cir. 1953) ; McKnight v. Akins, 192 F.2d 674, 676 (6th Cir. 1951) ; Chicago Sugar Co. v. American Sugar Ref. Co., 176 F.2d 1, 11 (7th Cir. 1949).

14. "Unless the parties otherwise agree, the cost of producing the appendix shall initially be paid by the appellant, but if the appellant considers that parts of the record designated by the appellee for inclusion are unnecessary for the determination of the issues presented he may so advise the appellee and the appellee shall advance the cost of including such

certainly bound the parties to an initial sharing, we see nothing in it which we could accept as applicable to the matter of ultimate financial responsibility.

■ Absent a contrary direction by this court, appellants were entitled, we have said, to their costs as a matter of course.[15] Within limits defined by public policy, the parties were free to contract in regard to taxable costs. But where, as here, it is asserted that the parties have altered the course of cost-allocation which Rule 39(a) prescribes, the agreement relied on should have that effect plainly and convincingly. Parties who seek an ultimate adjustment of taxable costs different from the scheme of Rule 39(a) should formulate their agreements explicitly; close attention to the matter will avoid the ambiguity, and the resulting controversy which we have encountered in this case. In sum, we cannot, on the basis of a stipulation of dubious import, deprive a litigant of an entitlement which Rule 39(a) confers upon him. Only when the litigant has unequivocally waived the entitlement are we justified in excluding it from his bill of costs. We cannot say that there was such a waiver here.

### III

■ We are likewise unable to accept WMATA's contention that a recovery of costs in these cases is foreclosed by appellants' failure to file their bill therefor within the 14-day period specified by Rule 39(c).[16] To be sure, claims for costs should be submitted promptly after rendition of judgment on appeal; the 14-day limit subserves that policy, and should be scrupulously observed. Yet it is evident that the circumstances of particular situations may satisfactorily ex-

plain tardiness, and may call for an allowance of costs nonetheless. The court in its discretion may accommodate such a situation, for it is empowered for good cause shown to enlarge the period within which the bill of costs may be filed.[17] We think it clear that the period should be enlarged in these cases.

As we have stated, the parties agreed to divide proportionately the printer's charge for producing the joint appendix. Appellants represent that they stood ready to pay any bill for their share that WMATA might have tendered before we ruled on the appeals and, as the winning parties, would have included the payment in their bill of costs.[18] But the printer's invoice covering the joint appendix was sent to WMATA and, for reasons not disclosed to us, WMATA did not submit a bill to appellants for more than five months after our decision on appeal was announced.

In these circumstances, we think WMATA is hardly in position to invoke the 14-day time limit. The largest single item in appellant's bill of costs is their portion of the charge for printing the joint appendix. Appellants could not prepare a complete bill of costs without knowing just what their part of the printing expense was. Appellants could reasonably assume, from the fact that WMATA long saw fit to retain that information, that WMATA was unconcerned with time considerations. In a word, we do not consider appellants imprudent in awaiting a copy of the printer's invoice before filing their bill of costs. To have done otherwise would have resulted in a piecemeal presentation of costs, and thereby imposed an unnecessary burden on the parties and the court.

Motion granted.

---

parts. The cost of producing the appendix shall be taxed as costs in the case, but if either party shall cause matters to be included in the appendix unnecessarily the court may impose the cost of producing such parts on the party." Fed.R.App.P. 30(b).

15. See note 13, *supra*, and accompanying text.

16. See note 1, *supra*.

17. Fed.R.App.P. 26(b).

18. See note 8, *supra*.