**Sherwin S. STERN, Plaintiff-Appellee,**

v.

**UNITED STATES GYPSUM, INC., Charles E. Dykes, William R. Hogan, Thomas Heffernan, Defendants-Appellants.**

No. 76–1070.

United States Court of Appeals, Seventh Circuit.

Submitted July 7, 1977.

Decided Aug. 30, 1977.

Edward S. Silber, George E. Bullwinkel, William G. Schopf, Jr., Chicago, Ill., for defendants-appellants.

Harvey M. Silets, Theodore A. Sinars, Chicago, Ill., Robert M. Weinberg, Robert M. Tobias, Washington, D. C., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge,* and PELL and WOOD, Circuit Judges.

PER CURIAM.

This matter comes before the court on the renewed motion of the defendants-appellants to file their bill of costs instanter.

Final judgment was entered in this cause on January 12, 1977, with costs allowed to the defendants-appellants against the plaintiff-appellee. Thereafter an order was entered by this court denying rehearing and rehearing *en banc* on June 2, 1977. On

---

* Senior Circuit Judge Hastings was a member of the original panel on this case and participated in the decision of the court rendered January

12, 1977. Because of his death he did not participate in consideration of the decision of the matter of costs.

June 16, 1977, the defendants-appellants attempted to file a Bill of Costs but were denied leave to do so by the clerk of this court. On the following day the defendants-appellants filed their "MOTION TO FILE BILL OF COSTS INSTANTER," and contended that the bill of costs was timely as it was filed within 14 days after the entry of the order denying rehearing.

By the order of a judge of this court the "MOTION TO FILE BILL OF COSTS INSTANTER" was denied because the bill of costs would have had to have been filed on January 28, 1977, in order to be timely. The order also stated the following:

> Because no reasons have been shown as to why an extension of time should be granted under F.R.A.P. 26(b), the motion is denied without prejudice to refiling it, if good cause can be shown. See *Saunders v. Washington Metropolitan Area Transit Authority*, 164 U.S.App.D.C. 224, 505 F.2d 331, 334 (1974).

The defendants-appellants have now filed a "RENEWED MOTION TO FILE BILL OF COSTS INSTANTER." This motion in commendable candor does not claim any good cause for the delay in filing the bill of costs, which costs of necessity had to have been known at the time the judgment was entered, other than that counsel "reasonably and in good faith believe[d] it was timely as of June 16, 1977 when we attempted to file it." The single narrow issue now before this court is whether the filing of a petition for rehearing automatically brings about a delay in the time for filing the bill of costs to a period of time 14 days beyond the date of the ruling on the petition for rehearing. This court in *Denofre v. Transportation Insurance Rating Bureau*, 560 F.2d 859 (1977), did not address the narrow issue but did clearly indicate that the bill of costs must be filed within 14 days after the entry of judgment. It was indicated, however, in *Denofre* that the court had full discretion to consider each case on its own merits to determine whether good cause had been shown, for a delay in the filing of the bill of costs.

It is the opinion of this court in view of the clear language of Rule 39(c) of the Federal Rules of Appellate Procedure that absent a showing of good cause the bill of costs may not be filed and taxed against the losing party after the expiration of 14 days after the entry of the judgment of this court and that, for the purposes of the rule, "entry of judgment" means exactly what it states and does not have reference to an order that may be entered with regard to a petition for rehearing. It is further the opinion of this court that under the circumstances of this case the court is not justified in exercising its discretion in now allowing the bill of costs to be filed and therefore the motion of the defendants-appellants is denied. We in no way question the good faith of counsel's belief as to timeliness.

It Is So Ordered.