587 F.2d 1223
 17 Empl. Prac. Dec. P 8599, 190 U.S.App.D.C. 326
 Mary P. LAFFEY et al.
v.
NORTHWEST AIRLINES, INC., Appellant,
Air Line Pilots Association, Non-Aligned Party.
Mary P. LAFFEY et al., Appellants,
v.
NORTHWEST AIRLINES, INC.
Air Line Pilots Association, Non-Aligned Party.
 Nos. 74-1791, 75-1334.
 United States Court of Appeals,
District of Columbia Circuit.
 Sept. 13, 1978.
 
 Michael H. Gottesman, Washington, D. C., was on motion for appellants in No. 75-1334 and appellees in No. 74-1791.
 Before BAZELON, TAMM and ROBINSON, Circuit Judges.
 Opinion PER CURIAM.
 
 PER CURIAM:
 
 1
 The matter before us is a motion for leave to file a bill of costs out of time. We are unable to find good cause for the late filing requested, and accordingly we deny the motion.
 
 
 2
 The precipitating litigation was a class action alleging that Northwest Airlines had discriminated against female employees in violation of the Equal Pay Act of 1963[1] and the Civil Rights Act of 1964.[2] The District Court ruled in favor of the claimants and awarded extensive relief.[3] On October 26, 1976, we rendered our opinion and judgment sustaining all of the Court's substantive and most of its remedial adjudications, and remanding the case for further proceedings.[4]
 
 
 3
 Northwest presented a timely petition for rehearing and coupled with it a suggestion for rehearing En banc.[5] Both came to naught on September 8, 1977.[6] Because counsel for the costs-claimants considered timeliness of the bill of costs measurable from disposition of the petition for rehearing rather than from the date of our judgment,[7] the bill of costs was not tendered until September 23, 1977 15 days after demise of Northwest's post-decision endeavors but nearly 11 months after entry of the judgment.
 
 
 4
 We cannot accept counsel's interpretations of the governing criteria. The bulk of the sum sought to be taxed is the outlay for printing briefs.[8] Appellate Rule 39(c) specifies that "(a) party who desires such costs[9] to be taxed shall state them in an itemized and verified bill of costs which he shall file with the clerk . . . within 14 days after the entry of judgment."[10] Rule 36 instructs that "(t)he notation of a judgment in the docket constitutes entry of the judgment."[11] We detect nothing in the Appellate Rules giving pendency of a petition for rehearing the effect of tolling the filing period for bills of costs seeking taxation of printing expenses.[12] We thus find ourselves in full agreement with the Seventh Circuit in its holding that " 'entry of judgment' means exactly what it states and does not have reference to an order that may be entered with regard to a petition for rehearing."[13]
 
 
 5
 The matter does not end at this point, however, for we are empowered to enlarge the filing period "for good cause shown."[14] But while we do not doubt the sincerity of counsel's belief as to timeliness, in the circumstances here it does not constitute "good cause."[15] The time requirement of Rule 39(c) is straightforward: the limit for filing bills of costs seeking reimbursement of brief-printing expenses is 14 days from the entry of judgment.[16] To boot, as much as four years ago we gave warning that "claims for costs should be submitted promptly after rendition of judgment on appeal; the 14-day limit subserves that policy, and should be scrupulously observed."[17] We would dishonor both the precision of Rule 39(c) and its demanding call on litigants should we infer good cause for noncompliance merely from misunderstanding of its plain terms.[18]
 
 
 6
 Motion denied.
 
 
 
 [1]
 29 U.S.C. § 206(d) (1970)
 
 
 [2]
 42 U.S.C. §§ 2000e to 2000e-17 (1970 & Supp. V 1975)
 
 
 [3]
 Laffey v. Northwest Airlines, Inc., 366 F.Supp. 763 (D.D.C. 1973), Order and supplemental memorandum, 374 F.Supp. 1382 (D.D.C. 1974)
 
 
 [4]
 Laffey v. Northwest Airlines, Inc., 185 U.S.App.D.C. 322, 567 F.2d 429 (1976), Cert. denied, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978)
 
 
 [5]
 Pursuant to Fed.R.App.P. 35(b), 40(a)
 
 
 [6]
 Laffey v. Northwest Airlines, Inc., No. 74-1791 (D.C.Cir. Sept. 8, 1977) (orders denying rehearing and rehearing En banc )
 
 
 [7]
 "(C)ounsel believed that where, as here, it is known that a petition for rehearing will be filed, Rule 39(c) is complied with by timely filing in relation to the order respecting rehearing." Motion for Leave to File P 1 (filed Sept. 23, 1977). We note, however, that the bill of costs was tardy by one day even under counsel's view of timeliness
 
 
 [8]
 The only item not in that category is the docketing fee of $50
 
 
 [9]
 See note 18 Infra
 
 
 [10]
 Fed.R.App.P. 39(c). "Rule 39(c) does not purport to set forth the items that comprise costs on appeal. This matter is covered by (28 U.S.C. § 1920 (1970)). The rule does make it explicit, however, that the cost of printing or otherwise producing briefs, appendices, or copies of records authorized under Rule 30(f), are allowable items." 9 J. Moore, Federal Practice, P 239.02(3), at 4305 (2d ed. 1948)
 
 
 [11]
 Fed.R.App.P. 36
 
 
 [12]
 A timely petition for rehearing does stay the mandate until disposition of the petition unless otherwise ordered by the Court. Fed.R.App.P. 41(a). The Appellate Rules contain no comparable provision, however, for suspension of the period within which a bill of costs may be filed
 
 
 [13]
 Stern v. United States Gypsum, Inc., 560 F.2d 865, 866 (7th Cir. 1977)
 
 
 [14]
 With exceptions not here relevant, "(t)he court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time . . . ." Fed.R.App.P. 26(b). It is clear that the authority thus conferred encompasses extensions of time for filing bills of costs. E. g., Saunders v. Washington Area Metropolitan Transit Auth., 164 U.S.App.D.C. 224, 227, 505 F.2d 331, 334 (1974); Stern v. United States Gypsum, Inc., supra note 13, 560 F.2d at 866; Denofre v. Transportation Ins. Rating Bureau, 560 F.2d 859, 860-861 (7th Cir. 1977)
 
 
 [15]
 Accord, Stern v. United States Gypsum, Inc., supra note 13, 560 F.2d at 866. The only excuse proffered in Stern was that "counsel 'reasonably and in good faith believe(d) it was timely . . . when we attempted to file it,' " and that, the court held, was not enough. Id
 
 
 [16]
 Saunders v. Washington Metropolitan Area Transit Auth., supra note 14, is readily distinguishable from the case at bar. The appellant there was unable to comply with Rule 39(c)'s time limit because the appellee did not forward a printer's invoice until five months after entry of judgment on appeal. Without the invoice, which documented a substantial portion of the costs, the appellant could not prepare a complete bill. Failure to timely file it was thus due in part to inaction of the appellee, over whom the appellant had no control. See 164 U.S.App.D.C. at 227, 505 F.2d at 334. Here, however, there is not even a whisper that Northwest did anything that might serve to excuse the claimant's noncompliance with Rule 39(c)
 
 
 [17]
 Id. at 227, 505 F.2d at 334
 
 
 [18]
 We are mindful that among the costs sought to be taxed is a $50 docketing fee. See note 8 Supra and accompanying text. This item may not be subject to the 14-day stricture of Rule 39(c). Although the 14-day limit plainly governs claims to recoup the expense of printing "briefs, appendices, or copies of records authorized by Rule 30(f)," its applicability to recoverable costs of other kinds is somewhat less clear. The words "such costs" in Rule 39(c) could be read as referable only to items within one of the quoted categories or, more expansively, to cost items of any sort allowable under Rule 39(a) and (b) as well. See text Supra at notes 9-10. Ambiguity in this regard will be eliminated if proposed amendments to Rule 39(c)-(d) are adopted. See Judicial Conference of the United States, Committee of Rules of Practice and Procedure, Preliminary Draft of Proposed Amendments to the Federal Rules of Appellate Procedure 22-23 (Apr. 1977)
 We need not resolve the question whether Rule 39 as presently constituted imposes a requirement that claims to recover the docketing fee must be filed within 14 days from entry of judgment, for we are satisfied that in no event should the present claim be allowed. The touchstone of cost-awards is judicial discretion, Rule 39(a); Delta Air Lines, Inc. v. CAB, 164 U.S.App.D.C. 279, 280, 505 F.2d 386, 387 (1974) a discretion tempered by the policy favoring promptness in submission of costs for taxation. See test Supra at note 17. Rule 39(d) directs the clerk to "prepare and certify an itemized statement of costs taxed in the court of appeals for insertion in the mandate," which pursuant to Rule 41(a) normally issues 21 days after entry of judgment. Moreover, in terms of the desirability of early taxation, no good reason for distinguishing between types of costs is apparent. Judicial discretion is unsoundly exercised when it results in grossly divergent treatment of items not warranting differentiation. We conclude, then, that the 11-months-delayed effort to recapture the docketing fee must fail.