Carlos A. MOLLURA, Plaintiff-Appellant,

v.

Curtis G. MILLER, Craig S. Miller and American National Watermattress Corp., a California Corporation, Defendants-Appellees.

No. 78–1118.

United States Court of Appeals, Ninth Circuit.

Dec. 6, 1979.

---

Fred Flam and Patrick F. Bright, Flam & Flam, Los Angeles, Cal., for plaintiff-appellant.

Stephen W. Berger, Newport Beach, Cal., argued, for defendants-appellees; Alan A. Plaia, Newport Beach, Cal., on brief.

Before WALLACE and ANDERSON, Circuit Judges, and PALMIERI,* District Judge.

PALMIERI, District Judge:

Appellant Mollura brought suit for infringement of his patented plastic bag[1] that he has marketed as a waterbed. At the conclusion of Mollura's case, the district court considered the evidence, including expert testimony, and dismissed the action, concluding that the patent was invalid for obviousness. We agree with this conclusion and affirm the district court.

Appellant's product is formed from three pieces of sheet material, one large and two small rectangular pieces. The large piece is rolled into a tube and at the point where the two ends of the large sheet come together, they are overlapped and heat welded to form a lap seam.[2] The tube is then capped by the two end pieces and the corners are shaped to make the tube more rectangular. The ends of the tube are bent inwardly and are heat welded to the end pieces.

Appellees' product is formed from two large rectangular sheets of plastic of identical size and one long narrow strip of plastic. The strip is formed into a rectangle slightly smaller than the two large sheets and the ends are lap welded together. This forms a side panel that extends around the periphery of the mattress. The two large sheets are then attached to this rectangular strip—one on top and one on bottom. The edges are bent into the plane of the strip where they are lap welded to the strip around the perimeter of the bed.

The district court concluded that the patent was invalid for obviousness after finding:

14. That design and structure of plaintiff's product is, and would have been, at all times, obvious to one skilled in the art and has no novelty now or at the time of its alleged invention.

The court also found that none of appellees' products forms a tube, nor do their products perform the same or equivalent functions as the components of appellant's product, concluding that no infringement, either of the product or the method of manufacture, had been proven.

The issues before us on appeal are whether the district court's findings support the conclusion of invalidity and whether the proper legal standards were applied.[3] The

---

* The Honorable Edmund L. Palmieri, Senior United States District Judge for the Southern District of New York, sitting by designation.

1. A patent (# 3,753,819) was obtained in 1971 on a method of making a "TUBULAR FLEXIBLE CAP WITH LAP WELDED ENDS." A patent (# 3,825,172) for the product itself was obtained in 1974. It is the latter that has allegedly been infringed.

2. A lap weld results from adhering overlapped edges of two side-by-side layers of material. It is smoother and stronger than a weld that results from adhering the edges of two juxtaposed layers of material.

3. Appellant raises three other issues on appeal that need not detain this court. Despite appellant's contrary suggestion, the validity of the patent was properly raised. See appellant's complaint, the Pretrial Conference Order, and the evidence offered by appellant at trial.

The doctrine of the "presumption of validity of patents" is not conclusive. The court may find that the "invention" was obvious and therefore unpatentable. 35 U.S.C. § 103. *SSP Agricultural Equipment, Inc. v. Orchard-Rite Ltd.*, 592 F.2d 1096 (9th Cir. 1979).

The legal standards for non-infringement need not be discussed since the district court properly found the patent to be invalid.

legal question of obviousness must be determined by inquiry into three relevant facts: "the scope and content of the prior art," the "differences between the prior art and the claims at issue" and "the level of ordinary skill in the pertinent art." *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966).

The simplicity of the case enables us to affirm the judgment that the patent was invalid for obviousness despite the somewhat meager findings of fact. We repeat the suggestion recently stated in *Satco, Inc. v. Transequip, Inc.*, 594 F.2d 1318, 1322 (9th Cir. 1979):

> The *Graham* analysis represents a practical approach for courts in developing a factual background for determining patentability. . . . [T]he Supreme Court has insisted upon strict observance of that approach in order to achieve "that uniformity and definiteness [in patentability decisions] which Congress called for [in enacting section 103]." *Graham v. John Deere & Co.* [sic] . . . . We further suggest that trial courts may make our task on review easier and more precise by fully articulating findings under the Graham analysis in all cases presenting the obviousness issue.

Despite the absence of more detailed findings, we think that appropriate consideration was given to the relevant facts as defined by *Graham.* We believe, as did the Tenth Circuit in *Sidewinder Marine, Inc. v. Starbuck Kustom Boats and Products, Inc.*, 597 F.2d 201, 209 (10th Cir. 1979), "that the trial judge's findings in . . . this case do afford an adequate basis for us to see that the *Graham* inquiries were considered and substantially answered." The *Sidewinder* court explained:

> We do not feel that explicit findings in the exact terms of the *Graham* criteria are required, "[s]o long as it is clear that the court has grappled with the problems presented," and its findings are "sufficient to provide [us] with a clear understanding of the . . . court's reasons so as to present an adequate review." *Price v. Lake Sales Supply R. M., Inc.*, 510 F.2d 388, 391 (10th Cir.).

Although the district court judge refused to admit much of the plaintiff's evidence on the prior state of the art of *manufacture,* he admitted what little evidence was offered on the prior state of the art of the *product,* plastic bags. From this evidence, he concluded:

> But that you take a tube and you put two pieces on the end to contain water is no invention. And the fact that you do it by lap welds is no invention.

We agree with this conclusion. There is no inventive genius in putting water into a container that does not leak.

The findings of fact cannot be deemed clearly erroneous under Fed.R.Civ.P. 52(a) [see *Penn International Industries v. Pennington Corporation*, 583 F.2d 1078, 1082 (9th Cir. 1978)], and there is no occasion to invoke the broader rule of patent cases that the appellate courts are not bound by any previous findings of fact in making the ultimate determination of obviousness.

Affirmed.