Carlos A. MOLLURA, Plaintiff-Appellant,

v.

Curtis G. MILLER, Craig S. Miller, and American National Watermattress Corp., a California Corporation, Defendants-Appellees.

No. 78–1118.

United States Court of Appeals, Ninth Circuit.

May 14, 1980.

Certiorari Denied April 28, 1980. See 100 S.Ct. 1852.

Fred M. Flam and Patrick F. Bright, Flam & Flam, Los Angeles, Cal., for plaintiff-appellant.

Stephen W. Berger, Newport Beach, Cal., argued, for defendants-appellees; Alan A. Plaia, Newport Beach, Cal., on brief.

Before WALLACE and ANDERSON, Circuit Judges, and PALMIERI,* District Judge.

PER CURIAM:

Appellees moved for leave to file a bill of costs out of time. We find that appellees have failed to show good cause for the late filing and accordingly we deny the motion.

Judgment was entered in this case on December 6, 1979. *Mollura v. Miller*, 609 F.2d 381 (9th Cir. 1979). Appellees received notice of the judgment on December 8, 1979. On January 18, 1980, appellees filed this motion to file a cost bill out of time and tendered with the motion a bill claiming $951.46 as the cost for printing copies of their brief. Appellant filed a timely objection, urging us to deny the motion because he contends that appellees had failed to show good cause for the untimely filing.

Appellate Rule 39(a) provides that "if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered." Our disposition of the appeal affirmed the district court's judgment and thus appellees became entitled to an award of costs as a matter of course, unless we direct otherwise. Appellate Rule 39(d) states: "A party who desires such costs to be taxed shall state them in an itemized and verified bill of costs which he shall file with the clerk, with proof of service, within 14 days after the entry of judgment."[1] Appellees tendered their bill of costs on January 18, 1980, some 28 days after the time for filing had expired.

We are empowered "for good cause shown" to enlarge the time limits prescribed by the Federal Rules of Appellate Procedure. Fed.R.App.P. 26(b). The issue then is whether appellees have shown good cause for us to exercise our discretion to do so.

Other cases have held that inattendance to office chores and good faith mistakes are not sufficient to show good cause. In *Denofre v. Transportation Insurance Rating Bureau*, 560 F.2d 859 (7th Cir. 1977), counsel received notice of entry of judgment at his law firm with three business days remaining to timely file a bill of costs. The attor-

---

* Honorable Edmund L. Palmieri, United States District Judge, Southern District of New York, sitting by designation.

1. Fed.R.App.P. 39(d) is supplemented by Rule 14 of the United States Court of Appeals for the Ninth Circuit. Local Rule 14 states:

(a) Support for Bill of Costs. The itemized and verified bill of costs required by Rule 39(c), Federal Rules of Appellate Procedure, shall include the following information:

(1) The number of copies of the briefs or other documents reproduced;

(2) If more copies were reproduced than required by the Federal Rules of Appellate Procedure or by the rules of this court, the reason the excess number of copies was necessary;

(3) The cost of printing or otherwise reproducing such documents, with a statement that the cost is no higher than generally charged for such reproduction in the San Francisco area.

(b) Objection to Bill of Costs. Within ten (10) days after the service and filing of a bill of costs, a party may serve and file an objection thereto, in which event the bill of costs shall be treated as a motion under Rule 27, Federal Rules of Appellate Procedure, and the objection shall be treated as a response thereto.

ney of record, however, was working outside the city through the time the motion to file a late bill of costs was filed. The court held that good cause to enlarge the time period was not shown by the inattendance to daily chores in a law office. *Id.* at 861. Counsel's good faith mistaken belief that the filing of a petition for rehearing delayed the time for filing the cost bill has also been held not to be sufficient to establish good cause for an untimely filing. *Laffey v. Northwest Airlines, Inc.,* 190 U.S. App.D.C. 326, 587 F.2d 1223 (D.C.Cir.1978); *Stern v. United States Gypsum Inc.,* 560 F.2d 865 (7th Cir. 1977).

In the present case, counsel for appellees states only that the reason for the late filing was "an inadvertent miscalendaring of the time for filing." We take it from this assertion that counsel had some established procedure to calendar dates for court filings so that deadlines will not be missed but that a mistake was made. Appellees received notice of entry of judgment two days after the entry of judgment but the motion to file the bill of costs was filed 42 days after the entry of judgment. In our opinion, appellees' mere averment of mistake is insufficient under these circumstances to show good cause.

Claims for costs should be filed promptly after the entry of judgment. Rule 39(d) sets forth a 14-day time limit in plain terms and its definite time limit must be scrupulously observed by litigants. *Laffey v. Northwest Airlines, Inc., supra,* 190 U.S.App.D.C. at 327–328, 587 F.2d at 1224–25. Should we infer good cause for noncompliance merely from a mistake in calendaring or from inattendance to office chores, we would seriously undermine the policy of the rules.

MOTION DENIED.