G. F. PLUNK CONSTRUCTION COMPANY, INC., Appellee,

v.

BARRETT PROPERTIES, INC., Appellant.

Supreme Court of Tennessee.

Oct. 4, 1982.

Rehearing Denied Oct. 25, 1982.

**216**

Lee S. Saunders, Memphis, for appellant.

Joseph P. Rutledge, Jr., Memphis, for appellee.

## OPINION

FONES, Chief Justice.

The threshold issue in this case is whether the appellate courts have authority to suspend the rules and waive failure to serve notice of the filing of notice of appeal upon opposing counsel and the clerk of the appellate court, as required by T.R.A.P. 5, where appellant had timely filed a notice of appeal with the clerk of the trial court in full compliance with T.R.A.P. 4.

It is undisputed that appellant filed a notice of appeal on May 20, 1981, in the office of the clerk of the Chancery Court of Shelby County, Tennessee, following the entry on that day of the judgment appealed from. A certificate of service appears on the notice of appeal filed with the clerk of the trial court reciting that the notice of appeal was served upon opposing counsel and the clerk of the Court of Appeals on May 20, 1981. It is undisputed that neither opposing counsel nor the clerk of the Court of Appeals received a copy of appellant's notice of appeal. Counsel for appellant candidly admits that neither he nor his secretary has an independent recollection of having mailed a copy of the notice of appeal to opposing counsel and the clerk of the Court of Appeals, but nevertheless believes that it was done. In these circumstances we find as fact that appellant neglected to serve a copy of the notice of appeal upon opposing counsel and the clerk of the Court of Appeals as required by T.R.A.P. 5.

The Court of Appeals held that both the timely filing of a notice of appeal with the clerk of the trial court under T.R.A.P. 4 and service of notice of appeal on opposing counsel and the clerk of the appellate court as required in T.R.A.P. 5 were beyond the authority of the appellate courts to suspend.

### I.

These facts present a conflict between T.R.A.P. 2 and T.R.A.P. 3(e). T.R.A.P. 2 authorizes the appellate courts to suspend the rules except in three instances, one of which prohibits the extension of time for "filing a notice of appeal prescribed in rule 4."

The first sentence of T.R.A.P. 3(e) states that appeals to the appellate courts, "shall be taken by timely *filing* a notice of appeal with the clerk of the trial court as provided in Rule 4 and by *service* of the notice of appeal as provided in Rule 5." (Emphasis added.) The last sentence in T.R.A.P. 3(e) provided in part that, "failure of an appellant to take any step other than the timely *filing and serving* of a notice of appeal does not affect the validity of an appeal." (Emphasis added.)

The express language of T.R.A.P. 2, the rule that grants the appellate courts authority to suspend the rules and at the same time prohibits waiver of the rules in three instances, must prevail over the conflicting language of T.R.A.P. 3(e). The limitation of waiver authority in T.R.A.P. 2, involved in this case, extends only to the *filing* of the notice of appeal "prescribed in Rule 4." The *filing* of a notice of appeal with the clerk of the trial court is the only action that is embraced in T.R.A.P. 4. T.R.A.P. 2 contains no mention of "service of the notice of appeal as provided in rule 5," the language of T.R.A.P. 3(e).

There are two reasons why we think it appropriate that service of a notice of appeal upon opposing counsel and the clerk of the appellate court may be waived upon good cause shown if appellant has timely filed a notice of appeal with the trial court.

The conflict between rule 2 and rule 3(e) invokes the principle of construction that where there is a conflict between a rule dealing specifically with a subject and another dealing generally with a subject, the specific rule controls. The specific subject of rule 2 is the *suspension* of the rules and the three exceptions thereto. The subject of rule 3(e) is the appeal as of right, its availability and its method of initiation. The inference appearing in rule 3(e) that the timely filing and service of a notice of appeal affects the validity of the appeal must be considered a general reference rather than a specific reference to the subject of suspension of rules.

■ Whether or not an appellant has timely filed a notice of appeal with the clerk of the trial court can be proved or disproved with certainty. Compliance with the service of notice upon opposing counsel and the clerk of the appellate court, within seven days after filing a notice of appeal, as prescribed in rule 5 cannot be proved or disproved with certainty. The objective of construing the rules to secure the just, speedy and inexpensive determination of litigation on its merits dictates that dismissals for failure to meet time limitations should be limited to situations where that failure can be proven or disproven with certainty.

## II.

T.R.A.P. 21(b) provides that for good cause shown appellate courts may enlarge the time for doing any act under the rules, except the same three time limitations prescribed in T.R.A.P. 2. Having determined that the time for service of notice of appeal on opposing counsel and upon the clerk of the Court of Appeals may be suspended the question arises has appellant shown good cause in this case.

Appellant's affidavit recites that he prepared, well in advance of May 20, 1981, the date he filed a notice of appeal in the Chancery Court of Shelby County, notice of the filing of a notice of appeal to be sent to the two lawyers representing opposing parties and that it was his "intent and belief that copies of the notice and letters were dispatched through the U.S. Post Office on the date of filing."

There is not a large body of law passing on what constitutes good cause for permitting an act to be done after the expiration of the time prescribed in the rules has occurred, as distinguished from requests for extension of time made before the expiration of time, which are granted with a much more generous hand.

The leading case in Tennessee evaluating good cause for the failure to meet the time limitation in a rule that may be suspended for good cause is *Lambert v. Home Federal Savings and Loan Association,* 481 S.W.2d 770 (Tenn.1972). Mr. Justice Humphreys, writing for the Court, dealt with the excuse proffered therein as follows:

"The excuse offered by affidavit is that the secretary to whom the filing had been left arrived at a Knoxville Post Office too late to post it....

This is not enough to avoid the rule. It is self-evident that the violation of this rule cannot be excused on the first ground mentioned, secretarial shortcoming. It is the duty of counsel to comply with the rules of this Court, not secretaries. It would be better to do away with the rules than to excuse their violation on this ground." *Id.* at 771.

In *Mollura v. Miller,* 621 F.2d 334 (9th Cir.1980), *cert. denied,* 446 U.S. 918, 100 S.Ct. 1852, 64 L.Ed.2d 272 (1980), the Ninth Circuit denied appellees' motion for leave to file a cost bill out of time.[1] Counsel for appellees stated only that the reason for the late filing was "an inadvertent miscalendaring of the time for filing." *Id.* at 336. Appellees received notice of entry of judgment two days after the entry of judgment, but the motion to file the bill of costs was filed forty-two days after the entry of judg-

1. F.R.A.P. 39(d) provides that "A party who desires such costs to be taxed shall state them in an itemized and verified bill of costs which he shall file with the clerk, with proof of service, within 14 days after the entry of judgment."

ment. Finding that excuse inadequate the court said:

"Should we infer good cause for noncompliance merely from a mistake in calendaring or from inattendance to office chores, we would seriously undermine the policy of the rules." *Id.*

Counsel's good faith mistaken belief that the filing of a petition for rehearing delayed the time for filing a cost bill has also been held not to be sufficient to establish "good cause" for an untimely filing. *Laffey v. Northwest Airlines, Inc.,* 587 F.2d 1223 (D.C.Cir.1978); *Stern v. United States Gypsum, Inc.,* 560 F.2d 865 (7th Cir.1977). In *Stern, supra* at 866, the only excuse proffered was that "counsel 'reasonably and in good faith believe[d] it was timely . . . when we attempted to file it.'" Moreover, in *Laffey, supra* at 1224, the D.C. Circuit stated that "the sincerity of counsel's belief as to timeliness . . . does not constitute 'good cause.'"

We neither approve or disapprove of the result in the Federal cases cited, but we are in accord with the proposition that a showing of good cause requires more than a mere good faith belief that a routine office chore has been timely performed. The service of a copy of the notice of appeal filed in the trial court, on counsel of record and the clerk of the appellate court may be classified as a routine office chore.

Thus we are compelled to the conclusion that the mere good faith intention and belief that notices were sent at the appropriate time does not provide good cause under Rule 21(b) for permitting an act to be done after the expiration of the time prescribed in the rules.

The judgment of the Court of Appeals dismissing the appeal is affirmed for the reasons stated herein. Costs are adjudged against Barrett Properties, Inc.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.