IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted on Briefs August 13, 2013

**FRED BARNES**
**v.**
**HERBERT HAMM**

**Appeal from the Shelby County Circuit Court**
**No. CT-00470710    Robert L. Childers, Judge**

**No. W2011-02288-COA-R3-CV - Filed August 28, 2013**

This appeal concerns the circuit court's dismissal of an appeal from the general sessions court. We dismiss the appeal for failure to comply with Rule 29 of the Tennessee Rules of Appellate Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed**

HOLLY M. KIRBY, J., delivered the Opinion of the Court, in which ALAN E. HIGHERS, P.J. W.S., and J. STEVEN STAFFORD, J., joined.

Edgar Davison, Memphis, Tennessee for Plaintiff/Appellant Fred Barnes

Deborah Godwin, Memphis, Tennessee for Defendant/Appellee Herbert Hamm

**OPINION**

**FACTS AND PROCEEDINGS BELOW**

 In September 2009, Plaintiff/Appellant Fred Barnes filed a civil warrant in the General Sessions Court of Shelby County, Tennessee against Defendant/Appellee Herbert Hamm. The lawsuit alleged slander and defamation by Mr. Hamm which resulted in a demotion at Mr. Barnes' workplace. It appears that Mr. Barnes' job demotion was later reversed.

In September 2010, Mr. Barnes filed a consent announcement in the General Sessions Court, consenting to a judgment in favor of Mr. Hamm. Mr. Barnes then filed a notice of appeal, for a *de novo* appeal to the Circuit Court of Shelby County, Tennessee. Tenn. Code Ann. § 27-5-108 (2008). When Mr. Barnes filed his notice of appeal, he paid $211.50 to the General

Session Court Clerk in accordance with Tennessee Code Annotated § 8-21-401. Neither Mr. Barnes nor his attorney signed a surety bond in connection with the appeal to the Circuit Court.

In the course of the Circuit Court proceedings, before addressing the merits of the case, the Circuit Court *sua sponte* entered an order dismissing Mr. Barnes' case. As grounds for dismissal, the Circuit Court cited the omission of a surety bond as a failure to secure the costs on appeal pursuant to Tennessee Code Annotated § 27-5-103. Mr. Barnes filed a timely notice of appeal to this Court.

The appellate record in this matter was filed with the Clerk of this Court on February 8, 2013. Under Rule 29 of the Tennessee Rules of Appellate Procedure, this triggered the 30-day period in which Mr. Barnes was required to file his appellate brief. Tenn. R. App. P. 29(a) (2013).

As of March 19, 2013, Mr. Barnes had not filed an appellate brief in this matter. Consequently, this Court entered a show-cause order directing Mr. Barnes to "either file a brief or else show cause why this appeal should not be dismissed for failure to timely file a brief, within ten (10) days from the date of filing this Order." The show-cause order cautioned: "If Appellant fails to respond to this Order within the time provided herein, this appeal may be dismissed without further notice." This order was sent to Mr. Barnes' attorney at the address listed in the record via certified mail on March 19, 2013. The record indicates that, on April 11, 2013, the letter was returned to sender as "unclaimed" and "unable to forward." It was immediately re-sent to Mr. Barnes' attorney at a new address.

The court received no response to the show-cause order until April 30, 2013. On that date, counsel for Mr. Barnes filed a response concerning the delay in his response and asking the appellate court to accept a late-filed brief. The response was accompanied by an affidavit by counsel that addressed the delay as follows:

> 3. A letter printed on April 24, 2013 was received by certified mail by a receptionist in my leased executive suite on April 25, 2013. This person is not an employee of me or my firm. This letter was picked up by me on the afternoon of April 29, 2013.
> 4. I was provided with the Show Cause order dated March 19, 2013 per the notice on April 24, 2013.
> 5. I was not aware of this Show Cause order prior to then.
> 6. I did become aware that the record was filed, but neglected to calendar the brief date and neglected to file the brief in this case.

7. I am respectfully requesting that this Court excuse my negligence in this matter and allow me to file a Brief on behalf of Appellant on or before May 3, 2013.
8. Disallowing this[] will greatly prejudice Mr. Barnes in this matter through no fault of his own.

The April 30 response added that the appeal "has been pending in the Court of Appeals since November 2011 and Appellee will not be prejudiced by giving Appellant a couple of more days to file Appellant's Brief. This case involves relatively simple issues." On May 3, 2013, Mr. Barnes submitted an appellate brief to the clerk of the appellate court. At the time the appellate brief was submitted, the appellate court had not yet ruled on his request to file a late-filed brief. The Court reserved ruling on the request to file a late-filed brief, to be addressed in this Opinion.

### ISSUES ON APPEAL

On appeal, Mr. Barnes argues that the Circuit Court erred in dismissing the appeal from General Sessions Court based on the omission of a surety bond, citing this Court's opinion in **Bernatsky v. Designer Baths & Kitchens, LLC**, No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013). Although the Circuit Court did not address the substantive issues in the case, Mr. Barnes argues that his claims are not barred by the statute of limitations because he filed his General Sessions complaint before the expiration of the limitations period.

In response, Mr. Hamm asks this Court to dismiss Mr. Barnes' appeal based on Mr. Barnes' failure to timely file his appellate brief and his failure to timely respond to this Court's show cause order. Mr. Hamm also seeks dismissal of the appeal because Mr. Barnes' untimely appellate brief does not include specific citations to the record, as required under Rule 6(b) of the Rules of the Court of Appeals of Tennessee. Tenn. Ct. App. R. 6(b) (2013). On the substantive issues, Mr. Hamm argues that this Court erred in its decision in **Bernatsky,** and contends that the appellate court should refrain from considering the statute of limitations issue raised by Mr. Barnes because it was not first addressed by the Circuit Court.

Mr. Barnes did not file a reply brief responding to Mr. Hamm's arguments, and the case was submitted on-brief with no oral argument.

### ANALYSIS

"It is essential to the orderly process of handling appeals to have mandatory time schedules in our appellate courts." **H.D. Edgemon Contracting Co. v. King**, 803 S.W.2d 220, 223

(Tenn. 1991). Rule 29 of the Tennessee Rules of Appellate Procedure mandates: "The appellant shall serve and file a brief within 30 days after the date on which the record is filed with the clerk." Tenn. R. App. P. 29(a). Rule 29(c) also indicates that the appeal may be dismissed in the event the appellant fails to do so; it states that if the appellant does not "file his or her brief within the time provided by this rule or within the time as extended, any appellee may file a motion in the appellate court to dismiss the appeal. . . ." In lieu of dismissal, "the appellate court may order service and filing of any brief." Tenn. R. App. P. 29(c).

In this case, the appellate record was filed on February 8, 2013, so under Rule 29, Mr. Barnes' appellate brief should have been filed no later than March 11, 2013.[1] Instead it was submitted to the clerk's office on May 3, 2013, going on two months late.

Mr. Barnes' counsel indicates some confusion in his office regarding his receipt of the second mailing of the Court's show-cause order.[2] However, the pivotal fact is that Mr. Barnes' counsel was aware that the record was filed on February 8, 2013. The show-cause order merely reiterated what counsel was already obliged to know from the appellate court rules, namely, that his brief was due within 30 days after the record was filed and failure to do so could result in dismissal of the appeal. Counsel's affidavit says only that, after he became aware that the appellate record had been filed, he "neglected" to file the required brief.

Under Rule 21(b)[3] of the Tennessee Rules of Appellate Procedure, the Court may extend the time for filing a brief or permit the filing of a late-filed brief upon a showing of "good cause." We have held that "mistakes in calendaring" are not in and of themselves good cause to extend the time deadlines in the appellate rules. *See G. F. Plunk Const. Co., Inc. v. Barrett Properties, Inc*., 640 S.W.2d 215, 218 (Tenn. 1982) ("Should we infer good cause for noncompliance merely from a mistake in calendaring or from in attendance to office

---

[1]The thirtieth day after February 8, 2013 fell on Sunday, March 10, 2013, so Mr. Barnes' appellate brief should have been filed the next business day. *See* Tenn. R. App. P. 21(a).

[2]The affidavit by Mr. Barnes' counsel does not address the fact that the initial mailing of the show-cause order to counsel was returned to sender "unclaimed" and "unable to forward." We note that the first mailing of the show-cause order was to the address contained in Mr. Barnes' filings with the clerk's office. The record contains no indication that Mr. Barnes' counsel notified the clerk's office that his mailing address had changed. The second mailing of the show-cause order was to a new address, and this was the copy that counsel says was signed for by a secretary not employed by him, but which he eventually received.

[3] Rule 21(b) states that, "For good cause shown the appellate court may enlarge the time prescribed by these rules or by its order for doing any act or may permit an act to be done after the expiration of such time; . . ." Tenn. R. App. P. 21(b).

chores, we would seriously undermine the policy of the rules.") (quoting *Molluga v. Miller*, 621 F.2d 334, 336 (9th Cir. 1980)).  Likewise, "secretarial shortcomings" have also been determined to be insufficient to justify a suspension of the appellate deadline requirements. *G. F. Plunk Const. Co., Inc.*, 640 S.W.2d at 217 ("It is self-evident that the violation of this rule cannot be excused on . . . , secretarial shortcoming. It is the duty of counsel to comply with the rules of this Court, not secretaries.  It would be better to do away with the rules than to excuse their violation on this ground.") (quoting *Lambert v. Home Federal Savings and Loan Association*, 481 S.W.2d 770, 771 (Tenn.1972)).

The record before us contains essentially no cause, good or otherwise, for the failure by Mr. Barnes' counsel to comply with the time deadlines in the appellate rules.  Given the fact that Mr. Barnes' appellate brief was filed some 50 days late, we are left with little choice but to grant Mr. Hamm's request that this appeal be dismissed for failure to comply with Rule 29 of the Tennessee Rules of Appellate Procedure.  *See Dominion Bank of Middle Tenn. v. Galloway*, 843 S.W.2d 14, 18 (Tenn. Ct. App. 1992).

This holding pretermits the other issues raised on appeal.

### CONCLUSION

We dismiss this appeal from the judgment of the Shelby County Circuit Court.  Costs on appeal are assessed against Appellant/Plaintiff Fred Barnes and his surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE