# ENTRY ORDER

2018 VT 127

SUPREME COURT DOCKET NO. 2017-381

NOVEMBER TERM, 2018

| | | |
|---|---|---|
| Alpine Haven Property Owners' Association, Inc. | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Orleans Unit, |
| | } | Civil Division |
| | } | |
| Harry Brewin and Lynette Brewin | } | DOCKET NO. 168-6-12 Oscv |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

¶ 1.     On August 17, 2018, this Court issued judgment in this appeal, reversing and remanding to the trial court. Shortly thereafter, appellees' attorney moved to withdraw and appellees moved for an extension of time to file a motion to reargue. This Court granted the withdrawal and the extension of time, and on September 28, 2018, appellees filed a motion to reargue. This motion was denied on October 9, 2018.

¶ 2.     On October 22, 2018, appellant filed a motion for costs. In the motion, appellant alleged that the motion to reargue stayed the August 17, 2018 judgment until October 9, 2018, when reargument was denied.

¶ 3.     "A party who seeks costs must—within 14 days after entry of judgment—file with the clerk, with proof of service, an itemized and verified bill of costs." V.R.A.P. 39(d)(1). The time may be extended for "good cause." V.R.A.P. 26(b) (allowing most appellate time periods to be extended for "good cause"); see Mollura v. Miller, 621 F.2d 334, 335 (9th Cir. 1980) (per curiam) (explaining that to extend time to file for costs "inattendance to office chores and good faith mistakes are not sufficient to show good cause"). Entry of judgment means the date judgment is entered on the docket. V.R.A.P. 36.

¶ 4.     The motion for costs is denied as untimely filed. Judgment was entered on August 17, 2018, and appellant's motion was filed well after the fourteen-day period expired. Appellant's sole basis for the late filing is its assertion that the time for requesting costs was tolled by appellant's motion to reargue. The language of the rules does not support this construction. Although the rules explicitly provide that the mandate is stayed by the filing of a motion to reargue, V.R.A.P. 41(c)(1), there is no comparable language pertaining to the time for filing a motion for costs. Federal cases interpreting an analogous federal rule have concluded that a petition for rehearing does not toll the time for filing for costs. See Laffey v. Nw. Airlines, Inc., 587 F.2d

1223, 1224 (D.C. Cir. 1978) (per curiam) ("We detect nothing in the Appellate Rules giving pendency of a petition for rehearing the effect of tolling the filing period for bills of costs seeking taxation of printing expenses."); Stern v. U.S. Gypsum, Inc., 560 F.2d 865, 866 (7th Cir. 1977) (per curiam) (explaining that time for filing request for costs is not extended absent good cause and " 'entry of judgment' means exactly what it states and does not have reference to an order that may be entered with regard to a petition for rehearing"). In Stern, the court explained that although counsel may have had a good-faith belief that the time period for costs was tolled, this did not amount to good cause for extending the time period. Similarly, in this case, there is no basis to extend the time for filing a request for costs.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

☒ Publish

_____
Marilyn S. Skoglund, Associate Justice

☐ Do Not Publish

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice