Celia DENOFRE, Plaintiff-Appellant,

v.

TRANSPORTATION INSURANCE RAT-
ING BUREAU, Defendant-Appellee.

No. 76–1795.

United States Court of Appeals,
Seventh Circuit.

Submitted June 28, 1977.

Decided Aug. 24, 1977.

Irving M. King, Chicago, Ill., for plain-
tiff-appellant.

Kalvin M. Grove, Chicago, Ill., for de-
fendant-appellee.

Before CASTLE, Senior Circuit Judge,
and CUMMINGS and PELL, Circuit
Judges.

PER CURIAM.

Judgment was entered in this case on
May 20, 1977, pursuant to an unpublished
order affirming the district court. *Denofre
v. Transportation Insurance Rating Bureau*,
559 F.2d 1225 (1977). The judgment award-
ed defendant-appellee (Bureau) its costs on
appeal, and a copy of Rule 39 of the Federal
Rules of Appellate Procedure was enclosed
with the judgment for mailing to counsel.[1]
The mandate issued on June 15, 1977.

---

1. Rule 39 provides in pertinent part:

    COSTS

    (a) *To Whom Allowed.* Except as other-
    wise provided by law, if an appeal is dis-

missed, costs shall be taxed against the ap-
pellant unless otherwise agreed by the par-
ties or ordered by the court; if a judgment is
affirmed, costs shall be taxed against the

On June 21, 1977, the Bureau filed with the clerk a motion and supporting affidavit to file its bill of costs instanter, tendering with the motion a bill claiming $150.08 as the cost of printing its brief. Fed.R.App.P. 39(c). Plaintiff-appellant (Denofre) filed objections, urging that we deny the Bureau's motion due to the unexcused late presentation of the bill of costs, and that, inasmuch as the mandate had previously issued, this court was without jurisdiction to entertain the Bureau's request.

Denofre's claim that we have no jurisdiction to permit the late filing of the Bureau's bill of costs ignores the plain language of paragraph (d) of Rule 39. If the clerk of this court may "at any time" request that a bill of costs be added to the mandate after its issuance, it would clearly appear that there was a retention of jurisdiction by the court of appeals in matters pertaining to costs.

The question of timeliness under paragraph (c) of Rule 39 presents a more significant obstacle, however, to our favorable consideration of the Bureau's motion, its bill of costs having been tendered eighteen days late. Denofre argues that the 14–day time limit of Rule 39(c) is jurisdictional in that there is no provision for extending it.

Rule 26(b) of the Federal Rules of Appellate Procedure expressly empowers us, however, "for good cause shown," to enlarge the time limits prescribed by the Federal Rules of Appellate Procedure.[2] The narrow question before us, then, is whether the Bureau has shown good cause to persuade our exercise of discretion to enlarge the period within which its bill of costs may be filed. See Saunders v. Washington Metropolitan Area Transit Authority, 164 U.S. App.D.C. 224, 505 F.2d 331, 334 (1974).

■■■■ The Bureau entered its appearance in this appeal by a single attorney. The appearance form also showed the law firm in which the attorney of record is a partner. See Rule 5 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit. The motion to file the bill of costs instanter, with an accompanying affidavit, was prepared and signed by an associate of the law firm. The associate's affidavit states that this court's order of affirmance was received in the office of the law firm on May 31, 1977, but there is no reference as to when the judgment was received.[3] Rule 39(c) provides that the bill of costs shall be filed "within 14 days after the entry of judgment", which we take to

---

appellant unless otherwise ordered; if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

\* \* \* \* \* \*

(c) *Costs of Briefs, Appendices, and Copies of Records.* The cost of printing or otherwise producing necessary copies of briefs, appendices, or copies of records authorized by Rule 30(f) shall be taxable in the court of appeals at rates not higher than those generally charged for such work in the area where the clerk's office is located. A party who desires such costs to be taxed shall state them in an itemized and verified bill of costs which he shall file with the clerk, with proof of service, within 14 days after the entry of judgment.

(d) *Clerk to Insert Costs in Mandate.* The clerk shall prepare and certify an itemized statement of costs taxed in the court of appeals for insertion in the mandate. If the mandate has been issued before final determination of costs, the statement, or any amendment thereof, may be added to the

mandate at any time upon request of the clerk of the court of appeals.

\* \* \* \* \* \*

2. Rule 26(b) provides in pertinent part:
   COMPUTATION AND EXTENSION OF TIME

   \* \* \* \* \* \*

   (b) *Enlargement of Time.* The court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time . . . .

3. It is the Clerk's practice to enter judgment the same day the final order is delivered by the court, and to mail to counsel a copy of the order and the judgment. See Fed.R.App.P. 36. The order and the judgment are mailed in separate envelopes. Although counsel for Denofre states the judgment was received in their law office on May 21, 1977, we assume *arguendo* that counsel for the Bureau did not receive notice of the entry of judgment until May 31, 1977.

mean simply that, notwithstanding counsel's failure to receive prompt or even timely notice thereof. While counsel may not rely on lack of notice without more to excuse his failure to timely file, we may, of course, consider that factor on an *ad hoc* basis in determining whether there has been good cause shown to enlarge the time to file.

Continuing, the associate's affidavit further states that the attorney of record was engaged continuously in other matters outside the city of Chicago from May 31, 1977, to and including June 21, 1977, when the motion under consideration was filed. The associate states that he first became aware on June 16, 1977, of the final order's receipt in the offices of the law firm. This recital of facts is what counsel represents to be good cause shown within the meaning of Rule 26(b).

In our opinion, the Bureau has not shown good cause to enlarge the time period for filing its bill of costs. Counsel acknowledges that it was on May 31, 1977, with three business days remaining to timely file a bill of costs claiming a single item for taxation, that his law offices received a copy of this court's order ruling in his favor. The fact that the attorney of record was absent from his office during the relevant times does not save the situation. We do not think that good cause is shown to enlarge a time period expressly specified in the Federal Rules of Appellate Procedure by the mere inattendance to the daily chores in one's law office, particularly by a firm of fourteen lawyers as is here involved. *Cf. SCA Services, Inc. v. Morgan,* 557 F.2d 110 at 113 (7th Cir. 1977). If attention had been given promptly to incoming matters which might (and here did) involve deadlines, there was sufficient time at least to have filed within the fourteen days a motion for an extension of time, which motion could have set forth the extenuating circumstances.

Upon consideration of the foregoing, good cause not having been shown as to why defendant-appellee is, within our discretion, entitled to an enlargement of time to file its bill of costs, the motion to file the bill of costs instanter is denied.[4]

MOTION DENIED.

---

4. This opinion was circulated to all judges in regular active service and no judge requested that the matter be reheard *en banc.*