946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Elmer A. CHAVEZ, Plaintiff-Appellant,
v.
PUBLIC DEFENDER DEPARTMENT STATE OF NEW MEXICO; Janet Clow,
individually and in her official capacity as Chief Public
Defender; Susan Alkema, individually and in her official
capacity as second judicial district Public Defender,
Defendants-Appellees.
 No. 91-2055.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1991.
 
 ORDER AND JUDGMENT*
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from a denial of a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). The final judgment toward which the Rule 60(b) motion was directed was not timely appealed. Appellant also appeals from the court's denial of his motion for extension of time to file a late notice of appeal from the final judgment. We review the denial of both motions for an abuse of discretion.
 
 
 3
 The basis upon which appellant brought his Rule 60(b) motion was inadvertence of counsel in leaving out of his response to motion for summary judgment one and one-half pages of material which consisted primarily of the argument of counsel. In seeking relief, appellant's counsel merely stated that the disputed page and one-half were left out "through inadvertence of counsel." Memorandum in Support of Motion for Relief from Judgment and Order, doc. 119, at 2 (Appellant's Appeal at 223). See also Motion for Relief from Judgment and Order, doc. 118, at 1 (Appellant Appeal at 220). Other than this bald assertion, appellant's counsel made no explanation of the reason why mistake or inadvertence occurred. In light of this limited assertion, we cannot say the trial court abused its discretion in denying the Rule 60(b)(1) motion. See First Nat'l Life Ins. Co. of California v. California Pacific Life, 876 F.2d 877, 822 (11th Cir.1989) (where nothing prevented the party from submitting material in opposition to motion for summary judgment in a timely manner, the neglect was correctly held inexcusable and did not justify relief under Rule 60(b)(1)). We are not persuaded by appellant's argument that the denial of the motion for relief from judgment under 60(b) was in effect a grant of a motion for summary judgment on the merits of the original decision.
 
 
 4
 Federal Rule of Appellate Procedure 4(a)(5) provides that "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." The appropriate standard for relief under this provision is "excusable neglect." Parke-Chapley Const. Co. v. Cherrington, 865 F.2d 907, 909-10 (7th Cir.1989). The more lenient good-cause standard does not apply to this case. It was added to cover requests for extension of time made prior to the expiration of the 30-day appeal. Parke-Chapley, 865 F.2d at 909-10. In the absence of any attempt to show excusable neglect, we cannot conclude that the trial court abused its discretion in denying the motion for extension of time to file a notice of appeal from its original judgment in the case. The decision of the trial court in the matters appealed from is therefore AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3