983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frank A. BALCAR, Plaintiff-Appellant,
v.
LINCOLN NATIONAL BANK AND TRUST COMPANY OF FORT WAYNE, an
Indiana corporation, Defendant-Appellee.
 No. 91-3042.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Dec. 28, 1992.
 
 1
 Before FLAUM, MANION and KANNE, Circuit Judges
 
 ORDER
 
 2
 Frank Balcar appeals pro se from the district court's imposition of Rule 11 sanctions and its enforcement of a settlement agreement reached by the parties.
 
 
 3
 Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within thirty days of entry of judgment. In this case the district court entered judgment on July 26, 1991, and counsel filed a notice of appeal on August 28, 1991, two days late. The district court granted an extension of the appeal period on September 19, 1991.
 
 
 4
 Upon a showing of excusable neglect or good cause, the district court may extend the time for filing a notice of appeal. Fed.R.App.P. 4(a)(5). This court reviews the decision whether to grant that extension for abuse of discretion. Parke-Chapley Construction Co. v. Cherrington, 865 F.2d 907, 911 (7th Cir.1989). Timely notice of appeal is "mandatory and jurisdictional", United States v. Robinson, 361 U.S. 220, 229 (1960), and unless an appellant files a notice of appeal in a timely fashion, the court of appeals cannot address the merits of the claim. Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989).
 
 
 5
 "Excusable neglect" occurs in limited circumstances. Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat (Admin. of State Ins.), 808 F.2d 1249, 1251 (7th Cir.1987). While "[e]xcusable neglect is a common term in rules of procedure, ... we regularly hold that sloth, ignorance, and other negligence does not qualify." In the Matter of John A. Danielson, No. 92-1591, slip op. at 3 (7th Cir. Dec. 9, 1992). See also 9 JAMES MOORE, BERNARD WARD & JO LUCAS, MOORE'S FEDERAL PRACTICE p 204.13[a.-3], at 4-104 to 4-109 (describing as excusable the failure to learn of entry of judgment, unpredictable events affecting delivery of notice of appeal to the clerk, uncontrollable delays in mail delivery, and unpredictable events affecting the feasibility of appeal). Ignorance of the law or unfamiliarity with the federal rules almost invariably fall short of excusable neglect. United States v. Dumont, 936 F.2d 292, 294-95 (7th Cir.), cert. denied, 112 S.Ct. 399 (1991); Varhol v. National R.R. Passenger Corp., 909 F.2d 1557, 1563 (7th Cir.1990) (en banc). Also inexcusable are palpable oversight, administrative or clerical errors by an attorney or his staff, MOORE'S FEDERAL PRACTICE, at 4-107, or error resulting from an attorney's busy schedule. Files v. Rockford, 440 F.2d 811 (7th Cir.1971).
 
 
 6
 Balcar stated in his motion to extend time that he was in the Yukon when the district court entered judgment. That may be true, but it does not explain why his attorney in Nevada--who at that time represented Balcar--failed to file a timely notice of appeal. In the absence of excusable neglect or good cause to support the district court's extension, the notice of appeal remains untimely, depriving us of jurisdiction over this case.
 
 
 7
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record