983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Glen MISEK and Richard J. Krakowski, Plaintiffs-Appellants,
v.
CITY OF CHICAGO, et al., Defendants-Appellees.
 No. 89-2660.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1992.[1]
Decided Jan. 13, 1993.[2]
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiffs-appellants Glen Misek and Richard J. Krakowski filed suit against defendants, the City of Chicago; the late Mayor, Harold Washington; its former Commissioner of Personnel, Charles A. Pounian; and the former Acting Executive Director of the city's Health Systems Agency, Susan L. Weed, alleging wrongful termination of their civil service employment. The district court entered summary judgment in favor of defendants. Plaintiffs failed to file a timely notice of appeal and the district court refused to grant them an extension of time. Fed.R.App.P. 4(a)(5).
 
 
 2
 On appeal, plaintiffs contend that they showed sufficient grounds of excusable neglect to warrant an extension of time to file a notice of appeal, and that sufficient issues of material fact exist to warrant reversal of defendants' motion for summary judgment.
 
 BACKGROUND
 
 3
 Plaintiffs filed suit under 42 U.S.C. § 1983 alleging that they were wrongfully discharged from their municipal positions due to pretextual reorganizations of the agencies which employed them. In August 1984, the district court granted defendants' motion to dismiss the original complaint. This court reversed that judgment and remanded for a factual determination of whether plaintiffs' discharges were pursuant to legitimate reorganizations. Misek v. City of Chicago, 783 F.2d 98 (7th Cir.1986). On July 21, 1986, Susan Connor filed an appearance as attorney for plaintiff Krakowski. On September 11, 1986, Ronald Mangum filed an appearance as attorney (with Connor) for Krakowski.
 
 
 4
 On April 25, 1989, the district court granted defendants' motion for summary judgment. On April 28, 1989, that order was entered. On May 1, 1989, plaintiffs' attorneys received notice of the entry of the summary judgment. On June 27, 1989[3], plaintiffs sought leave to file a late notice of appeal with the district court. They stated in that motion:
 
 
 5
 "Inexplicably, because of confusion, the press of other cases and due to unforeseen circumstances, both plaintiffs' counsel assumed that the other would notify plaintiffs of the outcome regarding this case. Neither did and plaintiffs first learned of this case's disposition on June 21, 1989."
 
 
 6
 They stated further that plaintiff Krakowski was a licensed attorney working as an assistant Attorney General.[4]
 
 DISCUSSION
 
 7
 The timely filing of a notice of appeal is jurisdictional. Parke-Chapley Construction Co. v. Cherrington, 865 F.2d 907 (7th Cir.1989). Federal Rule of Appellate Procedure 4(a)(1) provides that the notice of appeal "shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment of order appealed from." Fed.R.App.P. 4(a)(1). Plaintiffs concede the failure to file within the 30-day period, since the initial 30-day period began running on April 28, 1989, when the district court entered the order granting defendants' motion for summary judgment.
 
 
 8
 The district court may extend that time upon a showing of excusable neglect or good cause if appellants file a motion not later than 30 days after the expiration of the initial 30-day period. Fed.R.App.P. 4(a)(5). A district court's determination of excusable neglect will not be disturbed on appeal absent an abuse of discretion. Parke-Chapley Construction Co. v. Cherrington, 865 F.2d 907, 911 (7th Cir.1989); Redfield v. Continental Causalty Co., 818 F.2d 596, 602 (7th Cir.1987).
 
 
 9
 Plaintiffs filed a motion for extension of time on June 27, 1989, just before the second 30-day period expired. The district court found that plaintiffs failed to show excusable neglect or good cause for the late notice of appeal. Plaintiffs argue that the district court should have found the belated filing was due to excusable neglect because, although their offices received notice of the April 28, 1989 final judgment on May 1, 1989, the two attorneys did not actually learn of the entry of the judgment until June 21, 1989. Plaintiffs' attorneys characterize this as a "unique situation" in which their client,
 
 
 10
 "Krakowski was given the responsibility to do all of the research and writing in this case and that both Mangum and Connor assisted him in the case only as an accomodation and a friendly gesture...."
 
 
 11
 In fact, Mangum and Connor "believed that Krakowski was listed as an attorney of record with the district court." They assumed that Krakowski received a copy of the order. They inform this court: "The sad truth is that he did not."
 
 
 12
 Presented with such clear neglect (which plaintiffs' counsel characterize as a "comedy of errors"), the district court was not compelled to exercise its discretion in such a manner so as to permit the untimely filing of the notice of appeal. Not one, but both of plaintiffs' attorneys assumed their client would be responsible for the legal prerequisites to a second appellate proceeding.[5] Connor thought Mangum would tell plaintiff Krakowski, who presumably would tell plaintiff Misek. Mangum thought the district court would notify Krakowski.
 
 
 13
 The fact that one of the clients here was an attorney does not alter our view. The argument that Krakowski was a "surrogate counsel of record though not listed on the appearance forms" is absurd and has no basis in law. Only Mangum and Connor filed appearances as attorneys of record. Both attorneys readily admit that they received notice of the entry of final judgment two days after it was entered, and yet both chose to completely disregard it. The district court did not abuse its discretion in denying plaintiffs' motion for additional time to file a notice of appeal.[6]
 
 
 14
 In view of our finding that the appeal is untimely, this court has no jurisdiction to consider the issue of whether the summary judgment was properly granted. Accordingly, the appeal is DISMISSED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 We enter this Order in place of the Order entered by this court on November 4, 1992, which is hereby withdrawn, upon denial of plaintiffs' petition for rehearing
 
 
 [3]
 The record on appeal contains the Motion to Extend Time to File Notice of Appeal, which is date-stamped "July 7, 1989" by the district court. Nothing else contained in the record indicates the motion was actually filed on June 27, 1989. In their petition for rehearing from this court's original Order entered on November 4, 1992, however, plaintiffs included a Notice of Motion to Extend Time to File Notice of Appeal, which was date-stamped "June 27, 1989" by the district court. It was plaintiffs' responsibility to provide the court with this documentation earlier (notwithstanding plaintiffs' remark that defendants "never raised issue with the date of the filing of said motion"). Nevertheless, based on the date-stamp on the Notice of Motion, we shall go on to consider the question of whether plaintiffs had good cause for filing a late Notice of Appeal
 
 
 [4]
 Plaintiffs' attorneys explain that at the hearing on plaintiff's motion "both counsel for the plaintiffs were not present due to the short notice given them and because of the press of other business. Plaintiff Krakowski then had to argue the motion...."
 
 
 [5]
 In fact, their client was in the hospital recovering from major surgery during most of May 1989, notwithstanding the role his attorneys now assign him, e.g., as "the sole mover behind this case" who unfortunately became "preoccup[ied] with [his] medical problems."
 
 
 [6]
 There is no basis in the record or in Judge Norgle's 19-page decision for plaintiffs' accusation that the district court entered summary judgment for defendants simply because it "did not wish to be bothered with a case that has been languishing in the district since early 1984." [Plaintiffs' brief, p. xiv.]