1 F.3d 1245
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Linda WHITMORE, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF DEKALB COMMUNITY SCHOOL DISTRICT NO.
428, et al., Defendants-Appellees.
 No. 92-2442.
 United States Court of Appeals, Seventh Circuit.
 Argued July 7, 1993.
Decided Aug. 4, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied Sept. 8, 1993.
 
 1
 Before COFFEY and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge
 
 ORDER
 
 2
 Linda Whitmore appeals from the district court's denial of her motion to reconsider under Federal Rule of Civil Procedure 60. We affirm.
 
 
 3
 * Whitmore, a high school teacher, sued the Dekalb school board and various school district officials after the board voted not to renew her contract. She sought relief pursuant to 42 U.S.C. Secs. 1983, 1985, 2000e-h, as well as under state law for intentional infliction of emotional distress.
 
 
 4
 The district court granted in part and denied in part the defendants' motion under Federal Rule of Civil Procedure 12(b)(6). Initially, the court found that Whitmore had not received sufficiently specific reasons for her termination. Subsequently, however, the district court vacated that order and deleted its finding that Whitmore had received tenure under state law.
 
 
 5
 Another judge took over the case and granted the defendants' motion for summary judgment as to all of Whitmore's claims. She then filed a "motion to reconsider" the summary judgment pursuant to Federal Rule of Civil Procedure 60(b), but before the time for taking a direct appeal had expired. The district court denied this motion and Whitmore appealed.
 
 II
 
 6
 A motion under Rule 60(b) seeks an extraordinary remedy. Merit Insurance Co. v. Leatherby Insurance Co., 714 F.2d 673, 683 (7th Cir.), cert. denied, 464 U.S. 1009 (1983). That is especially true under Rule 60(b)(6). Although this "catch-all provision", id., authorizes the district court to vacate its order or judgment for "any reason justifying relief from the operation of the judgment", Rule 60(b)(6) is not as open-ended as its language or nickname suggest. Relief is available only (1) if Rules 60(b)(1) through (5) do not apply; and (2) if the district court, in its sound discretion, finds that equitable action is necessary to accomplish justice. Peacock v. Board of School Comrs., 721 F.2d 210, 214 (7th Cir.1983) (per curiam). These conditions will obtain only in "extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir.1986), cert. denied, 482 U.S. 905 (1987); C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1204-05 (7th Cir.1984) ("the general rule in this circuit is that relief from a judgment under [R]ule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances."). Cf. Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership, 113 S.Ct. 1489, 1497 (1993).
 
 
 7
 Our cases emphasize that Rule 60(b) is a substitute neither for direct appeal nor for a motion under Rule 59. In Parke-Chapley Construction Co. v. Cherrington, 865 F.2d 907 (7th Cir.1989), for instance, Judge Cummings explained the rationale for this limitation on Rule 60(b):
 
 
 8
 If plaintiff believed the district court was mistaken as a matter of law in dismissing the original complaint, he should have appealed ... or he might have filed a timely motion under FRCP 59 to vacate the judgment of dismissal and for leave to amend his complaint.... The policy behind such a reading of FRCP 60(b) is clear; parties should not be allowed to escape the consequences of their failure to file a timely appeal by addressing questions of law to the trial court for reconsideration. That is the function of appellate courts. If allowed to raise the same questions in a FRCP 60(b) motion that would have been raised in an appeal from the merits, a party would be able to effect an indirect extension of the time for appeal by appealing the FRCP 60(b) motion within thirty days of its disposition.
 
 
 9
 Id. at 915 (quotations and citations omitted).
 
 
 10
 The function of Rule 60(b) necessarily narrows the scope of this court's review to a "most limited" consideration. Reinsurance Company of America, Inc. v. Administratia de Stat, 902 F.2d 1275, 1277 (7th Cir.1990). Regardless of whether "relief from the judgment might have been obtained had an appeal been taken", Parke-Chapley Construction Co., 865 F.2d at 915 (quotation and citation omitted), the court may consider only whether the district court abused its discretion.[1] In the absence of extraordinary circumstances, reaching the merits of the underlying judgment is not permissible. Lee v. River Forest, 936 F.2d 976, 979 (7th Cir.1991). Brennan v. Midwestern United Life Insurance Co., 450 F.2d 999, 1003 (7th Cir.1971) (court's function in reviewing the denial of a Rule 60(b) motion is "not to determine whether the court was substantively correct in entering the judgment from which relief was sought but is limited to deciding whether the judge abused his discretion ..." in ruling that motion failed to show sufficient grounds for relief) (citations omitted), cert. denied, 450 U.S. 999 (1972).
 
 
 11
 Whitmore's arguments in favor of her motion fail to satisfy the rigorous standards of Rule 60(b). The district court found that Whitmore's motions contained no grounds justifying relief under subsection (1) (mistake, inadvertence, surprise, or excusable neglect), or under subsection (2) (newly discovered evidence that could not have been discovered by due diligence in time to move for a new trial). Moreover, the district court judge concluded that Whitmore was not entitled to relief under subsection (6). In reaching this conclusion, the district court neither committed an error of law nor exceeded permissible bounds of judgment.
 
 
 12
 Whitmore fails to argue on appeal what she needs to show: that the district court abused its discretion. Instead, she appears to be challenging the district court's order granting summary judgment, presenting her arguments as though this court were engaged in de novo review of a question of law. Our review of the denial of a motion under Rule 60(b)(6) in certain circumstances will require us to consider the merits underlying a summary judgment. But Whitmore seems to think that there was a substantial danger that this underlying judgment was unjust because the judge who granted the summary judgment reached what her lawyer characterized at oral argument as a different conclusion than the first judge. There are at least three things wrong with this description of events.
 
 
 13
 The two judges, first of all, were not engaged in the same type of review. So it is not surprising that they could have reached "different conclusions." The first judge considered the defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The second judge entertained the defendants' motion for summary judgment. A court's consideration of whether a complaint states a legal claim versus its determination whether the absence of a material issue of fact entitles a party to judgment easily can lead to different conclusions. Many a complaint--this one, for instance--clears the hurdle of a Rule 12(b)(6) motion only to succumb to a motion for summary judgment. If one judge happens to deny the 12(b)(6) motion and another grants summary judgment, neither one nor the other need have reached "the wrong result."
 
 
 14
 But the judges here did not, as Whitmore alleges, reach different legal conclusions. In granting in part and denying in part the motion under Rule 12(b)(6), the first judge initially found that Whitmore was not given sufficiently specific reasons for her termination--a requirement under Illinois law. Accordingly, he found her to be tenured as a matter of law. In response, the defendants filed exceptions to that ruling, arguing that they were entitled to present evidence that Whitmore's evaluations provided actual notice of her deficiencies. The district court subsequently struck its original order as premature and entered an amended order that deleted the finding that Whitmore had achieved tenure. That is how matters stood when the second judge assumed control of the case. After considering the pleadings, Judge Reinhard granted summary judgment to the defendants on all claims. His decision held that under Illinois law the performance deficiencies noted in Whitmore's evaluations, in conjunction with written notice, met the statutory requirements. Accordingly, she was not tenured. This is the very same conclusion arrived at by the first judge after he recognized that he had ruled prematurely on the issue.
 
 
 15
 Third, even if Whitmore were correct that the two judges reached opposite conclusions, we fail to see how there would be a substantial danger that the last judgment necessarily would be unjust.
 
 
 16
 Unlike many of the parties in cases we see involving Rule 60(b), Whitmore was not attempting to evade the time limits of direct appeal under Rule 4(a). She filed her motion under Rule 60(b) before the 30-day period for appeal had expired. Since Whitmore in essence is seeking to challenge the district court's conclusions of law in entering summary judgment, she should have filed a direct appeal in a timely manner. Rule 60(b)(6) does not allow her attorney to undo his strategic mistakes.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 A trial court abuses its discretion either by committing an error of law, United States v. Barber, 881 F.2d 345, 349 (7th Cir.1989), cert. denied, 495 U.S. 922 (1990), or by exceeding the "permissible bounds of judgment." American Hospital Supply Corp. v. Hospital Products, Ltd., 780 F.2d 589, 594 (7th Cir.1986)