In The

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 08-1315

IN RE: FRANK GALLO,

*Debtor-Appellee.*

APPEAL OF: GILLIAN A. EMERY

———————————

Appeal from the United States District Court
for the Central District of Illinois.
No. 2:07-cv-02182-MPM-DGB--**Michael P. McCuskey,** *Chief Judge.*

———————————

ON MOTION TO FILE BILL OF COSTS INSTANTER

SEPTEMBER 23, 2009[*]

———————————

RIPPLE, *Circuit Judge* (in chambers). Appellee Frank Gallo asks this court to allow his bill of costs to be filed late. The court entered

---

[*] This opinion is being released initially in typescript form.

judgment in Mr. Gallo's favor on July 20, 2009, and awarded him costs. Federal Rule of Appellate Procedure 39(d) says, "A party who wants costs taxed must–within 14 days after entry of judgment–file with the circuit clerk, with proof of service, an itemized and verified bill of costs." Mr. Gallo's bill of costs was due on August 3, 2009, but he did not file his bill of costs by that date. Instead, he filed a motion to file the bill of costs instanter two days later, on August 5, 2009.

Federal Rule of Appellate Procedure 26(b) allows the court to extend the time prescribed by the rules or permit an act to be done after that time expires if a party shows "good cause" for the delay. In *Denofre v. Transportation Ins. Rating Bureau*, 560 F.2d 859, 860-61 (7th Cir. 1977), this court denied a request to file a late bill of costs, holding that the Bureau had not shown good cause to persuade the court to exercise its discretion to allow the late filing. The Bureau attempted to show good cause by explaining that it had received the court's opinion three business days before the bill was due and that the attorney of record was absent from the office during the relevant time. *Id.* The court held that "the mere inattendance to the daily chores in one's law office" does not constitute good cause. *Id.* at 861. It further noted that there had been sufficient time for counsel to file a motion for an extension of time to file the bill of costs. *Id.* The opinion in *Denofre* was circulated to all judges in regular active service and no judge requested that the matter be reheard en banc. *Id.* at 861, n. 4; *see* Cir. R. 40.

In his motion to file his bill of costs instanter, Mr. Gallo explained that the bill of costs was late because he needed "to coordinate between various members of the appeals team to accumulate the information necessary for the calculation of costs in this matter." When this court requested more information, he explained that determining the amount of money spent on copies took longer than expected because the firms composing the appellate team are located in different towns.

Mr. Gallo's attempt to show good cause falls short of this court's expectations as articulated in *Denofre*. Mr. Gallo does not adequately explain why communication between team members in different

locations delayed the filing of the bill of costs beyond the 14-day deadline. Moreover, even if communication was difficult, Mr. Gallo could have filed a motion to extend time to file the bill of costs in which he explained the extenuating circumstances. Considerations of stare decisis and the even-handed treatment of litigants requires that this court follow circuit precedent. Accordingly, Mr. Gallo's request to file his bill of costs instanter is denied.

**DENIED**